UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XIAO XIAO ZHOU,<br><br>    Plaintiff,<br><br>  v.<br><br>CHANGPENG ZHAO and YI HE,<br><br>    Defendants. | CASE NO. 2:24-cv-01006-JHC<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the Court is non-represented Plaintiff Xiao Xiao Zhou's complaint. Dkt. # 5. Plaintiff alleges that they were defrauded by Defendants Changpeng Zhao and Yi He, founders of Binance, while Plaintiff used the platform. Dkt. # 5 at 6–7. Plaintiff also claims that their human rights were violated because Defendants took advantage of Plaintiff's vulnerable economic state. Dkt. # 5 at 6–7.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In general, federal subject matter jurisdiction exists when there is (1) diversity jurisdiction or (2) federal question jurisdiction. Charles A. Wright & Arthur R. Miller, *13 Federal Practice & Procedure* §3522 (2023 ed.); *see* 28 U.S.C. §§ 1331–32. If a federal court

determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  "At the pleading stage, a plaintiff can meet this burden by pleading sufficient allegations to show a proper basis for the court's subject-matter jurisdiction over the action."  *See Gigi's, Inc. v. Gina Butler*, No. CV2003134ABPJWX, 2020 WL 5498069, at *1 (C.D. Cal. June 23, 2020) (first citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)); and (then citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 n.10 (1938) (stating that plaintiff must "allege with sufficient particularity the facts creating jurisdiction.")).

Federal question jurisdiction requires that at least one claim "aris[es] under" federal law.  28 U.S.C. § 1331.  A claim "arises under" federal law if (1) the plaintiff pleads a cause of action created by federal law, or (2) the plaintiff's right to relief depends on resolution of a "substantial question[] of federal law."  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  These conditions do not appear to be met here.  This action does not appear to be based on federal law, nor is it apparent that Plaintiff's right to relief depends on resolution of a substantial question of federal law (or any question of federal law).

Diversity jurisdiction exists when a lawsuit arises between "citizens of different states[,]" or

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State

and where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity of citizenship between the parties. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In the "Parties" section, Plaintiff lists an address in China as their residence. Dkt. # 5 at 1. But Plaintiff does not provide any information about Defendants' citizenship. Dkt. # 5 at 2. Without full information on Defendants' citizenship, the Court cannot determine whether there is complete diversity of citizenship between the parties.

Accordingly, the Court ORDERS Plaintiff to show cause why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file within fourteen (14) days of this order a response that includes support for the Court's exercise of subject matter jurisdiction over this action. If Plaintiff fails to file a response or otherwise fails to demonstrate that the Court has subject matter jurisdiction, the Court will dismiss their complaint without prejudice.

Dated this 31[th] day of July, 2024.

John H. Chun
United States District Judge

ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION - 3